[Cite as *State v. Flores-Mata*, 2024-Ohio-2987.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No. 30772 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| EDELMIRO FLORES-MATA | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 21 11 4059(B) |

## DECISION AND JOURNAL ENTRY

Dated: August 7, 2024

STEVENSON, Presiding Judge.

{¶1} Defendant-Appellant, Edelmiro Flores-Mata, appeals the judgment of the Summit County Court of Common Pleas that found him guilty of trafficking in cocaine with a major drug and criminal forfeiture specification, aggravated trafficking in drugs, and having weapons under disability with multiple criminal forfeiture specifications. For the reasons set forth below, we affirm.

I.

{¶2} Mr. Flores-Mata pleaded guilty to the above-referenced crimes and was sentenced. His motion for leave to file a delayed appeal was granted. He asserts two assignments of error for our review.

**ASSIGNMENT OF ERROR I**

**THE COURT FAILED TO ADEQUATELY ADVISE MR. FLORES-MATA OF THE RESULTS OF HIS CONVICTION AS A NON[-]CITIZEN IN THAT R.C. 2943.031(A) REQUIRES A VERBATIM WARNING READ AS**

**SET FORTH IN R.C. 2[9]43.031, AND THE FAILURE TO DO SO IS A VIOLATION OF LAW AND IS PLAIN ERROR.**

**ASSIGNMENT OF ERROR II**

**THE PLEA ENTERED BY EDELMIRO FLORES-MATA IS INVALID BECAUSE IT HAS NOT BEEN ENTERED IN A KNOWING, INTELLIGENT, AND VOLUNTARY MANNER AS A RESULT OF THE COURT'S FAILURE TO ADVISE HIM OF THE THREE REQUIRED VERBATIM WARNINGS OF R.C. 2943.031.**

{¶3}    Mr. Flores-Mata's assignments of error will be addressed in a consolidated fashion for ease of analysis.

{¶4}    At the plea hearing, the trial court engaged in the following colloquy with Mr. Flores-Mata:

Q: (THE COURT) Okay. Look, also I need to ask you, Mr. Mata, are you a U.S. citizen?

A: (MR. FLORES-MATA) No.

Q: Okay. Look, do you know that you are subject to deportation --

A: Yes.

Q: Hold on there.

-- for conviction for these drug offenses?

What is your country of origin?

A: Mexico.

DEFENSE COUNSEL: … Mr. Flores-Mata was once charged by the federal government with illegal entry into the United States. He served 30 months in federal detention and was then deported. We believe there is a secret federal indictment about unlawful reentry pending against him at this time, and he is well aware that he would be deported based on this plea whenever he finishes his relationship with the various governments.

Q: (THE COURT): Yeah, I just want to make sure that you understand the ramifications…I mean, you could be getting a lot more greater sentence on these. But regardless of that, this does subject you to possible deportation back to Mexico, and, I don't know, sometimes the authorities wait until you've served your sentence here, which is what they usually do, and/or they could deport you before that.

But I want to make sure that you understand that that is a likelihood, a great likelihood, if not a certainty that you will get deported because of these convictions; do you understand?

A: Yes, ma'am.

**{¶5}** R.C. 2943.031(A) sets forth the trial court's requirements for notifying non-citizens of the consequences of a plea and resulting conviction and states as follows:

Except as provided in division (B) of this section, prior to accepting a plea of guilty or a plea of no contest to an indictment, information, or complaint charging a felony or a misdemeanor other than a minor misdemeanor if the defendant previously has not been convicted of or pleaded guilty to a minor misdemeanor, the court shall address the defendant personally, provide the following advisement to the defendant that shall be entered in the record of the court, and determine that the defendant understands the advisement:

"If you are not a citizen of the United States, you are hereby advised that conviction of the offense to which you are pleading guilty (or no contest, when applicable) may have the consequences of deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

**{¶6}** Mr. Flores-Mata argues in his first assignment of error that although the trial court advised him that he was subject to deportation, it did not advise him of the consequences of exclusion from admission nor denial of naturalization as required by the imperatives of R.C. 2943.031(A). He argues that a verbatim warning was required in order to understand all the ramifications of a plea, and that the trial court's failure to do so was an "obvious defect" in the plea colloquy that prejudiced his substantial right to make an intelligent plea.

R.C. 2943.031(D) sets forth the consequences of a trial court's failure to comply with R.C. 2943.031(A):

"*Upon motion of the defendant*, the court shall set aside the judgment and permit the defendant to withdraw a plea of guilty…and enter a plea of not guilty…if, after the effective date of this section, the court fails to provide the defendant the advisement described in division (A) of this section, the advisement is required by that division, and the defendant shows that he is not a citizen of the United States and that the conviction of the offense to which he pleaded guilty or no contest may result in his being subject to deportation, exclusion from admission to the United States, or denial of naturalization pursuant to the laws of the United States."

(Emphasis added.). *State v. Francis*, 2004-Ohio-6894, ¶ 21-22.

{¶7} In *Francis*, the Ohio Supreme Court explained "that a motion under R.C. 2943.031(D) 'and an appeal from the denial of the motion provide the exclusive remedies' for a trial court's alleged failure to comply with R.C. 2943.031(A)." *Id*. at ¶ 35, quoting *State ex rel. White v. Suster*, 2004-Ohio-719, ¶ 7, citing *State v. Garmendia*, 2003-Ohio-3769, ¶ 12 (2d Dist.); and *State v. Rodriguez*, 2002-Ohio-3978, ¶ 16 (12th Dist.). This is because a defendant, to establish prejudice from the lack of the statutory warning, "is not automatically entitled to relief under R.C. 2943.031(D) if a trial court failed to give the statutory warning when accepting a plea[,]" and "must also show that he or she is not a citizen of the United States and that there may be deportation, exclusion, or naturalization consequences resulting from the plea." *Id*. at ¶ 36. "'These are matters that can be the subject of proof at a hearing in the trial court, and often will not be apparent from the record of a direct appeal of the original conviction.'" *Id*., quoting *Garmendia* at ¶ 12.

{¶8} Here, Mr. Flores-Mata did not move to withdraw his guilty plea as required by R.C. 2943.031(D). Mr. Flores-Mata acknowledged his failure to do so and argues that the trial court's failure in its advisement of the required immigration-related warnings constituted plain error. As noted above, the requirements for notifying defendants of the consequences of a plea and conviction on their immigration status are statutory and the remedy for failure to do so is also set by the statute. R.C. 2943.031(A) and (D). Because a motion to withdraw under R.C. 2943.031(D) is the exclusive remedy for the error that Mr. Flores-Mata alleges the trial court committed, Mr. Flores-Mata's claim must fail as he has not availed himself of that remedy. Accordingly, Mr. Flores-Mata's first assignment of error is overruled.

{¶9}   Mr. Flores-Mata's argument under his second assignment of error is that his plea was not knowing, intelligent, and voluntary, and therefore, did not meet the strict requirements of Crim.R. 11(C).  However, the only basis for his argument is the trial court's alleged failure to comply with R.C. 2943.031(A).  Therefore, his argument is an improper attempt to circumvent the threshold requirement of R.C. 2943.031(D) that he must move to withdraw his plea.  As explained above, *Francis* provides that the exclusive remedy for a violation of R.C.2943.01(A) is a motion to withdraw pursuant to R.C.2943.01(D).  Accordingly, based on our disposition of Mr. Flores-Mata's first assignment of error, his second assignment of error is also overruled for that reason without further analysis of the merits.

III.

{¶10}   The judgment of the Summit County Common Pleas Court is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
SCOT STEVENSON
FOR THE COURT

CARR, J.
HENSAL, J.
CONCUR.

APPEARANCES:

RICHARD P. KUTUCHIEF, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.